

FILED
4/1/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOHN E. TAYLOR, JR.,

      Plaintiff,

      v.

ARTHUR FUNK, M.D., *et al.*,

      Defendants.

Case No. 16-cv-3464

Judge John Robert Blakey

## JURY INSTRUCTIONS

COURT'S INSTRUCTION 1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

COURT'S INSTRUCTION 2

During this trial, I have asked witnesses questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

COURT'S INSTRUCTION 3

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

COURT'S INSTRUCTION 4

During the trial, certain testimony was presented to you by the reading of depositions.  You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

COURT'S INSTRUCTION 5

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or if I struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may see or hear outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such material.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## COURT'S INSTRUCTION 6

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

COURT'S INSTRUCTION 7

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

COURT'S INSTRUCTION 8

You will recall that during the course of this trial, you heard testimony regarding the contract between Wexford Health Sources, Inc. and the Illinois Department of Corrections. You must consider this evidence only for the limited purpose of whether or not the contract was a consideration in the medical decisions made by Dr. Arthur Funk or Dr. Saleh Obaisi.

COURT'S INSTRUCTION 9

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning the conduct of Dr. Arthur Funk, Dr. Saleh Obaisi, Dr. Louis Shicker, Tarry Williams, and Randy Pfister, only in the case against each Defendant, individually. You must not consider it against any other party.

You must give separate consideration to each claim and each party in this case. Although there are five defendants, it does not follow that if one is liable, any of the others is also liable.

COURT'S INSTRUCTION 10

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law, we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

COURT'S INSTRUCTION 11

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case.

COURT'S INSTRUCTION 12

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness' memory;

- any interest, bias, or prejudice the witness may have;

- the witness' intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness' testimony in light of all the evidence in the case.

COURT'S INSTRUCTION 13

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

COURT'S INSTRUCTION 14

It is proper for a lawyer to meet with any witness in preparation for trial.

COURT'S INSTRUCTION 15

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

COURT'S INSTRUCTION 16

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

COURT'S INSTRUCTION 17

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

COURT'S INSTRUCTION 18

Certain medical care timelines, diagrams of the anatomy of the abdomen and spine, anatomical models of the spine, and medical images have been shown to you. Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

COURT'S INSTRUCTION 19

During this trial, you have been shown documents or evidence that contain redactions, meaning that some words or images in those documents or evidence were removed or hidden from view. Documents or evidence are redacted for a number of reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document or evidence contains redactions.

COURT'S INSTRUCTION 20

The Defendants are being sued as individuals. The Illinois Department of Corrections is not a party to this lawsuit.

Wexford Health Sources, Inc. itself, is also not a defendant in this case. You should decide this case only as to the parties in the case.

COURT'S INSTRUCTION 21

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

COURT'S INSTRUCTION 22

If you decide for a Defendant on the question of liability, then you should not consider the question of damages as to that Defendant.

COURT'S INSTRUCTION 23

In stipulation number 9, the parties have stipulated or agreed what Dr. Kenneth Candido's testimony would be if he were called as a witness. You should consider that testimony in the same way as if Dr. Candido had given the testimony here in court.

COURT'S INSTRUCTION 24

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the attorneys whom I may caution or warn during the trial.

COURT'S INSTRUCTION 25

Plaintiff must prove by a preponderance of the evidence that the defendant you are considering was personally involved in the conduct that Plaintiff complains about. You may not hold any Defendant liable for what others did or did not do.

With respect to Defendants Williams and Pfister, the fact that they may have lawfully delegated authority or responsibility to others does not absolve them of liability, nor does it, without more, constitute deliberate indifference. Such delegation of responsibility may constitute consent and approval of how grievances are handled, but the Plaintiff must show that the Defendant you are considering is personally responsible for the deprivation of which the Plaintiff complains. To be personally liable for a subordinate's acts, a supervising official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye to it.

COURT'S INSTRUCTION 26

In Count I, Plaintiff brings claims against Defendants Tarry Williams and Randy Pfister for alleged violations of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution, as to his abdominal hernia condition.

In Count III, Plaintiff brings claims against Defendants Tarry Williams and Randy Pfister for alleged violations of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution, as to his neck and back pain.

To succeed on his claims against Defendants Tarry Williams and Randy Pfister, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     Plaintiff had a serious medical need. A serious medical need is a condition that a doctor says requires treatment or something so obvious that even someone who is not a doctor would recognize that it requires treatment.

2.     The Defendant that you are considering was aware that Plaintiff had a serious medical need or strongly suspected facts showing a strong likelihood that Plaintiff had a serious medical need but refused to confirm whether these facts were true. You may infer this from the fact that the need was obvious to such Defendant.

3.     The Defendant that you are considering consciously failed to take reasonable measures to provide treatment for the serious medical need.

Plaintiff does not have to show that the Defendant that you are considering ignored him or provided no care. If such Defendant provided some care, Plaintiff must show that such Defendant knew his actions likely would be ineffective or that such Defendant's actions were clearly inappropriate.

In deciding whether the Defendant that you are considering failed to take reasonable measures, you may consider the seriousness of Plaintiff's medical need, how difficult it would have been for such Defendant to provide treatment, and whether such Defendant had legitimate reasons related to safety or security for failing to provide treatment.

If the Defendant that you are considering relied on the opinion of a medical professional, such Defendant did not consciously fail to take reasonable measures unless it was obvious that following the medical professional's opinion would cause harm to Plaintiff.

4.   As a result of such Defendant's actions or inaction, such Defendant caused Plaintiff harm or subjected him to a significant risk of harm. Plaintiff may prove that such Defendant harmed him with evidence that his condition worsened as a result of such Defendant's conduct or that he suffered prolonged, unnecessary pain.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to the Defendant that you are considering, then you must decide for Plaintiff as to that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to the Defendant that you are considering, then you must decide for that Defendant, and you will not consider the question of damages as to that Defendant.

COURT'S INSTRUCTION 27

In Count I, Plaintiff brings claims against Defendants Dr. Louis Shicker, Dr. Arthur Funk, and Ghaliah Obaisi (as Independent Executor of the Estate of Dr. Obaisi) for alleged violations of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution, as to his abdominal hernia condition.

In Count III, Plaintiff brings claims against Defendants Dr. Louis Shicker and Ghaliah Obaisi (as Independent Executor of the Estate of Dr. Obaisi) for alleged violations of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution, as to his neck and back pain.

To succeed on his claims against Defendants Dr. Louis Shicker, Dr. Arthur Funk, and Ghaliah Obaisi (as Independent Executor of the Estate of Dr. Obaisi), Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      Plaintiff had a serious medical need. A serious medical need is a condition that a doctor says requires treatment or something so obvious that even someone who is not a doctor would recognize that it requires treatment.

2.      The Defendant that you are considering was aware that Plaintiff had a serious medical need or strongly suspected facts showing a strong likelihood that Plaintiff had a serious medical need but refused to confirm whether these facts were true.

3.      The Defendant that you are considering consciously failed to take reasonable measures to provide treatment for the serious medical need.

Plaintiff does not have to show that the Defendant that you are considering ignored him or provided no care. If such Defendant provided some care, Plaintiff must show that such Defendant knew his actions likely would be ineffective or that such Defendant's actions were clearly inappropriate.

In deciding whether the Defendant that you are considering failed to take reasonable measures, you may consider the seriousness of Plaintiff's medical need, how difficult it would have been for such Defendant to provide treatment, and whether such Defendant had legitimate medical reasons, or legitimate reasons related to safety or security, for failing to provide treatment.

You may infer that the Defendant that you are considering consciously failed to take reasonable measures if such Defendant's action or failure to act was such a substantial departure from accepted professional judgment, practice or standards

that it showed a complete abandonment of medical judgment. A showing of ordinary medical negligence, without more, is not sufficient for Plaintiff to prove his claim.

4. As a result of such Defendant's actions or inaction, such Defendant caused Plaintiff harm or subjected him to a significant risk of harm. Plaintiff may prove that the Defendant that you are considering harmed him with evidence that his condition worsened as a result of such Defendant's conduct or that he suffered prolonged, unnecessary pain.

In deciding whether Plaintiff has succeeded on his claim against Ghaliah Obaisi (as Independent Executor of the Estate of Dr. Obaisi), you must consider each of the above elements as to Dr. Saleh Obaisi and the actions or inactions he took prior to his death.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to the Defendant that you are considering, then you must decide for Plaintiff as to that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to the Defendant that you are considering, then you must decide for that Defendant, and you will not consider the question of damages as to that Defendant.

COURT'S INSTRUCTION 28

Factors you may consider in finding a "serious medical condition" include whether a reasonable doctor or patient would find the condition important and worthy of comment or treatment, whether the condition significantly affects an individual's daily activities, or whether the condition causes chronic or substantial pain.

If you find in favor of Plaintiff as to any Defendant, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of that Defendant's failure to provide Plaintiff with medical care for his abdominal hernia and/or his neck and back pain.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In this case, the parties dispute whether Plaintiff suffered a physical injury caused by the Defendants. If you find that Plaintiff has proven by a preponderance of the evidence that he suffered a physical injury caused by the Defendants, you may award damages for any mental or emotional injury Plaintiff suffered as well. If you find that Plaintiff did not suffer a physical injury caused by the Defendants, you may not award damages for mental or emotional injury, but you may award damages for any other type of injury caused by the Defendants listed below. Whether or not Plaintiff proves a physical injury, you may award nominal or punitive damages, so long as you find that Plaintiff has met the standard for obtaining those damages by proving the elements of his claims against the Defendant you are considering.

You should consider the following types of compensatory damages, and no others: The physical and mental and emotional pain and suffering or loss of a normal life that Plaintiff has experienced.

No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury Defendants caused.

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

COURT'S INSTRUCTION 30

If you find for Plaintiff, you may, but are not required to, assess punitive damages against the Defendant you found liable. You may not assess punitive damages against Defendant Ghaliah Obaisi (as Independent Executor of the Estate of Dr. Saleh Obaisi). The purposes of punitive damages are to punish a Defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendant that you are considering. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, a Defendant simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors as to the Defendant that you are considering:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and the Defendant;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

COURT'S INSTRUCTION 31

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

When you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

COURT'S INSTRUCTION 32

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## COURT'S INSTRUCTION 33

I want to remind you of the instruction I gave you earlier. Until the trial is over and you have returned a verdict, you are not to discuss this case with anyone except your fellow jurors.  This includes members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial, and do not investigate it on your own.

COURT'S INSTRUCTION 34

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.