UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN E. TAYLOR, JR., <br><br> Plaintiff, <br><br> vs. <br><br> WEXFORD HEALTH SOURCES, INC., et al., <br><br> Defendants. | Case No. 16-cv-03464 <br><br> Honorable John Robert Blakey |

**JOHN E. TAYLOR JR'S MOTION FOR AWARD OF COSTS**

John E. Taylor Jr. ("*Taylor*") respectfully moves this Honorable Court for an award of his costs incurred in this action under Federal Rule of Civil Procedure 54 ("*Federal Rule*") and Local Rule 54.1 of the Northern District of Illinois ("*Local Rule*"). In support of this motion, Taylor states as follows:

1. On April 1, 2024 after the conclusion of a jury trial, this Court entered the Jury Verdict in favor of Taylor and against Defendants Dr. Arthur Funk, Ghaliah Obaisi (as independent executor for the estate of Dr. Saleh Obaisi), and Tarry Williams. (Dkt. #545.)

2. The Jury Verdict did not state that it included Taylor's costs. Rule 54(d)(1), Fed. R. Civ. P., states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."[1]

---

[1] Under 28 U.S.C. § 1920, a federal court may tax as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

3. "District courts enjoy wide discretion in determining and awarding reasonable costs, but there is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Bellamy v. City of Chicago,* 2017 WL 3675729, at *2 (N.D. Ill. Aug. 25, 2017) (cleaned up). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 944-45 (7th Cir. 1997). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id*.

4. Local Rule 54.1 provides that "[i]n this District, prevailing parties have 30 days after the entry of judgment to file their bills of costs. L.R. 54.1(a)."

5. Taylor is the prevailing party in this action because the Court entered a jury verdict in his favor that awarded him damages in the amount of $875,000 (consisting of $750,000 in compensatory damages and $125,000 in punitive damages). (Dkt. # 545.) *Bellamy,* 2017 WL 3675729, at *2 (awarding costs for prevailing plaintiff following jury award in his favor on civil rights claim).

6. Taylor incurred $18,922.83 in costs that are chargeable to the Defendants under 28 U.S.C. § 1920, as set forth in the summary table below:

| Cost | Amount |
|---|---|
| Fees for service of summons and subpoena[2] | $1,461.00 |
| Fees for transcripts[3] | $7,487.18 |
| Fees for printing[4] | $1,531.15 |
| Fees for exemplification (including for trial graphics)[5] | $8,293.50 |
| Witness Fees ($40 per diem) | $160 |
| **TOTAL COSTS** | **$18,922.83** |

7. A declaration from undersigned counsel in support of this Motion and Taylor's bill of costs ("*Bill of Costs*") is attached as Exhibit A.

8. A Bill of Costs detailing these charges is attached as Exhibit B. A detailed itemization of the costs claimed on the Bill of Costs is attached as Exhibit C. Taylor's invoices and other backup documentation in support of its Bill of Costs is attached as Group Exhibit D.

**WHEREFORE,** John E. Taylor Jr. respectfully requests that this Court enter an order, in the form attached hereto as Exhibit E, allowing Taylor $18,922.83 in costs pursuant to Federal

---

[2] Allowable under 28 U.S.C. § 1920(1).

[3] Allowable under 28 U.S.C. § 1920(2). All transcripts for which Taylor seeks reimbursement for were necessary for trial and for post-trial motions in this lawsuit.

[4] Allowable under 28 U.S.C. § 1920(3). Taylor's counsel regularly sent Mr. Taylor correspondence via mail (including documents in this case and for use with his case) because that was the only way to communicate with Mr. Taylor while in prison.

[5] Allowable under 28 U.S.C. § 1920(4) as exemplification fees. *See Interclaim Holdings Ltd. v. Ness, Mottley, Loadholt, Richardson & Poole*, 2004 WL 557388 at * 3-4 (N.D. Ill. March 22, 2004) (court allowed recovery of multi-media expenses and trial graphics as exemplification costs). Here, the costs Taylor seeks for his trial graphics were for the demonstratives and graphics used at his trial.

Rule of Civil Procedure 54 and Local Rule 54.1, and grant any additional relief the Court deems just and proper.

Date: May 1, 2024

                                                  **JOHN E. TAYLOR, JR.**

                                        By: /s/ *Richard P. Darke*

Richard P. Darke
Rosanne Ciambrone
Duane Morris LLP
190 S. LaSalle St. – Suite 3700
Chicago, IL 60603
312-499-6700
rpdarke@duanemorris.com
rciambrone@duanemorris.com

**CERTIFICATE OF SERVICE**

    Richard P. Darke certifies that on May 1, 2024 he caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

                                                            /s/ *Richard P. Darke*